# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Jan-Michael Zile<br>500 Louden Street<br>Urbana, Ohio 43078 | * <br> <br> * | <br><br>Case No. 2:17-cv-507 |
| Plaintiff, | * | Judge |
| v. | * | Magistrate Judge |
| Ohio Mechanical, Inc.<br>2091 Hendrix Drive<br>Grove City, Ohio 43123 | *<br><br>* | **JURY DEMAND ENDORSED HEREON** |
| -and- | * | |
| Thomas J. Bloomer<br>2091 Hendrix Drive<br>Grove City, Ohio 43123 | *<br><br>* | |
| Defendants. | * | |

## COMPLAINT

Plaintiff Jan-Michael Zile (hereinafter "Plaintiff" or "Zile"), for his Complaint against Defendants Ohio Mechanical, Inc. (hereinafter "OMI") and Thomas J. Bloomer (hereinafter "Bloomer") (collectively "Defendants"), hereby alleges as follows:

**I.  JURISDICTION AND VENUE**

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("the Ohio Wage Act"), the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"), O.R.C. § 4123.90, and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio and Defendants have done substantial business in the Southern District of Ohio and have their headquarters in the Southern District of Ohio.

## II. PARTIES

### a. Plaintiff

4. Plaintiff, Jan-Michael Zile, is an individual, a United States Citizen, and a resident of the State of Ohio.

5. At all times relevant herein, Plaintiff was an employee of Defendants as defined in the FLSA, the Ohio Wage Act, the OPPA, O.R.C. § 4123.90, and Ohio Constitution Art. 2 §34a.

6. At all times relevant herein, Plaintiff was a covered, non-exempt employee of Defendants who, pursuant to Section 7 of the FLSA, was required to receive not less than one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours.

### b. Defendants

7. Defendant Ohio Mechanical, Inc. is a domestic for-profit corporation with its principal place of business in the Southern District of Ohio. Defendant OMI operates a heating, ventilation and air conditioning ("HVAC") company providing a wide variety of HVAC-refrigeration and kitchen equipment services to commercial, retail and industrial customers in and around the State of Ohio.

8. Defendant Thomas J. Bloomer is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio who owns, controls and operates Defendant OMI, and who otherwise conducts substantial business in the Southern District of Ohio.

9. During relevant times, Defendant Bloomer, as owner of Defendant OMI, has had operational control over significant aspects of the day-to-day functions of Defendants, including the day-to-day functions, employment and pay of the Plaintiff Zile.

10. During relevant times, Defendant Bloomer has had the authority to hire, fire and discipline employees, including Plaintiff.

11. During relevant times, Defendant Bloomer has had the authority to set rates and methods of compensation of employees, including Plaintiff.

12. During relevant times, Defendant Bloomer has had the authority to control the work schedules and employment conditions of employees, including Plaintiff.

13. During relevant times, Defendant Bloomer has had ultimate authority and control of employment records.

14. During relevant times, Defendant Bloomer and Defendant OMI to this action have mutually benefitted from the work performed by Plaintiff.

15. During relevant times, Defendant Bloomer and Defendant OMI to this action have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff.

16. During relevant times, Defendant Bloomer and Defendant OMI to this action shared the services of Plaintiff.

17. During relevant times, Defendant Bloomer and Defendant OMI to this action acted directly or indirectly in the interest of each other in relation to Plaintiff.

18. Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA, the Ohio Wage Act, and Ohio Constitution Art. 2 §34a, doing business in the Southern District of Ohio.

19. OMI is and has been, jointly and individually, an "employer" as that term is defined by the OPPA and O.R.C. § 4123.90, doing business in the Southern District of Ohio.

20. Defendants, jointly and individually, conduct substantial business in the Southern District of Ohio and have their headquarters in Franklin County, Ohio.

21. At all times relevant to this action, Defendants have been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

22. Upon information and belief, Defendants' employees were engaged in interstate commerce and Defendants have annual gross volume sales and/or business in an amount not less than $500,000.00.

23. During relevant times, Defendants suffered and permitted Plaintiff to work more than forty (40) hours per workweek, while not compensating him for all such hours worked over forty (40) at a rate of at least one and one-half times his regular rate of pay.

24. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

25. During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein.

26. Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

## III. FACTUAL BACKGROUND

27. Defendants hired Plaintiff in January of 2016 as a full-time refrigeration technician for Defendants' HVAC-servicing business. Since his hire, Plaintiff regularly worked in excess of forty (40) hours per workweek for Defendants.

28. During his employment, Plaintiff met or exceeded his supervisor's expectations.

### A. Unpaid Overtime

29. During his employment with Defendants, Plaintiff provided HVAC-services to Defendants' customers throughout the State of Ohio.

30. During this period, Plaintiff regularly worked in excess of forty (40) hours per workweek, but he was not paid at 1.5 times his regular rate for all hours worked over forty (40) in a workweek.

31. Although Plaintiff properly recorded his hours worked on weekly timesheets and submitted the same to Defendants for payment, Defendants frequently failed to accurately account for and pay Plaintiff for all such overtime hours worked.

32. Plaintiff repeatedly notified Defendants on various occasions that he was not paid at 1.5 times his regular rate for all hours worked over forty (40) per workweek, but Defendants nonetheless failed to correct the issue by compensating him for all hours worked throughout his employment with Defendants.

### B. Workers' Compensation Retaliation

25. On or around November 18, 2016, Plaintiff was injured while working for Defendants in the performance of his job duties.

26. That morning, Plaintiff and his co-worker Bob McManahan were lifting a heavy cooler at a restaurant in Dublin, Ohio when Plaintiff strained his back. While Plaintiff was lifting and/or moving the cooler, he felt a sharp and sudden pain in his lower back.

27. Plaintiff then called his manager, Dave Cash ("Mr. Cash"), and reported his back injury to Mr. Cash.

28. At the time of reporting the injury to Mr. Cash, Plaintiff believed he could continue working the rest of that day and advised Mr. Cash that he intended to finish the day's work.

29. However, later that afternoon Plaintiff's back pain increased in severity to the point that he could no longer work anymore that day.

30. Plaintiff then called Defendant Bloomer to discuss his work-related back injury and need for treatment.

31. Defendant Bloomer instructed Plaintiff to go to the hospital for an examination of his back injury.

32. Plaintiff went to the Mercy Memorial Hospital in Urbana, Ohio for an assessment of his work injuries that afternoon.

33. At the hospital, Plaintiff reported injuring the lower left side of his back while lifting a cooler at work earlier that morning.

34. Plaintiff was diagnosed with a lower back / lumbar strain as a result of his workplace injury.

35. Plaintiff filed and pursued a claim under the workers' compensation act for his workplace injury.

36. Thereafter, Defendants opposed Plaintiff's workers' compensation claim and repeatedly appealed rulings by the BWC in Plaintiff's favor on his claim.

37. On February 13, 2017, a hearing was held on the Defendants' appeal of the BWC's November 23, 2016 order allowing Plaintiff's claim. Following the hearing, the BWC denied Defendants' appeal and again ruled in Plaintiff's favor on his claim.

38. Shortly after Defendants' appeal was denied, Defendant Bloomer called Plaintiff to discuss his workers' compensation claim and the terms of Plaintiff's employment with Defendants.

39. During this call, Defendant Bloomer stated that Defendants could not afford to pay the medical bills associated with Plaintiff's workers' compensation claim and continue to pay the same amounts towards Plaintiff's family health insurance coverage. Defendant Bloomer then told Plaintiff to either drop his workers' compensation claim or Defendants would decrease the share they contributed to Plaintiff's family health insurance costs.

40. During a subsequent call that same day, Defendant Bloomer reiterated that Defendants would no longer pay the same amount towards Plaintiff's employer provided health insurance premiums as Defendants previously paid throughout Plaintiff's employment because of Plaintiff's workers' compensation claim and the costs associated therewith.

41. When Plaintiff began his employment with Defendants in January of 2016, Defendants agreed that Plaintiff's share of his family health coverage would be $425 per biweekly pay period and that Defendants would pay the remaining premium for Plaintiff's family health coverage.

Complaint – *Zile v. Ohio Mechanical, Inc., et al.*
Case No. 2:17-cv-507
Page 7 of 15

42. Defendants understood the importance of their health insurance premium contributions on Plaintiff's behalf due to his family's medical circumstances.

43. Defendants complied with this agreement at all times throughout Plaintiff's employment before his workplace injury and filing of a workers' compensation claim.

44. Thereafter on April 13, 2017, Defendants increased Plaintiff's share of his family health coverage premium from $425 per biweekly pay period to $600 per biweekly pay period because Plaintiff filed or pursued workers' compensation benefits and the costs associated therewith.

45. On April 19, 2017, Defendants terminated Plaintiff's employment in retaliation for his filing or pursuing workers' compensation benefits.

### IV. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**FLSA –UNPAID OVERTIME**

46. All of the preceding paragraphs are realleged as if fully rewritten herein. This claim is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

47. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

48. The FLSA requires that covered employees be compensated for every hour worked in a workweek. See 29 U.S.C. § 206(b).

49. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. See 29 U.S.C. § 207(a)(1).

50. Plaintiff was a covered employee entitled to the FLSA's protections.

51. Defendants are covered employers required to comply with the FLSA's mandates.

52. Defendants violated the FLSA with respect to Plaintiff by failing to pay Plaintiff at the rate of one and one half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek.

53. Defendants employed Plaintiff from January of 2016 as a full-time refrigeration technician for Defendants' HVAC-services business until he was terminated on April 19, 2017.

54. Plaintiff was a non-exempt, hourly employee at all times throughout his employment.

55. Defendants refused and failed to pay Plaintiff the overtime premium required by the FLSA for certain hours worked throughout his employment.

56. Plaintiff routinely worked in excess of forty (40) hours per week.

57. Plaintiff should have been paid the overtime premium for all hours worked in excess of forty (40) hours per week.

58. Defendants knew or should have known of the overtime payment requirement of the FLSA.

59. Plaintiff's classification as a non-exempt, hourly employee throughout his employment demonstrates Defendants knew or should have known they were required to pay Plaintiff overtime compensation for all hours worked in excess of forty (40) hours per week.

60. Throughout his employment for Defendants, Defendants knowingly and willfully failed to pay Plaintiff all overtime wages he was due.

61. The job duties Plaintiff had in the years preceding the filing date of this Complaint did not exempt him from the overtime pay requirements, or any other requirement of the FLSA.

62. The exact total amount of compensation, including overtime compensation, that Defendants failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

63. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages in an amount not presently ascertainable. In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, and all other remedies available, as result of Defendants' willful failure and refusal to pay overtime wages in violations of Sections 6 and 7 of the Act (29 U.S.C. §§206-207).

## SECOND CAUSE OF ACTION
## O.R.C. 4111.03 – UNPAID OVERTIME

64. All of the preceding paragraphs are realleged as if fully rewritten herein

65. This claim is brought under Ohio Law.

66. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. See O.R.C. §§ 4111 et seq., See also, 29 U.S.C §206(b)

67. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938. See O.R. C. § 4111.03 (A), See also, 29 U.S.C. § 207 (a)(1)

68. Plaintiff was a covered employee entitled to the Ohio Wage Act's protections

69. Plaintiff was not exempt from receiving Ohio Wage Act overtime benefits because he was not an exempt "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. See O.R.C. 4111.03(A), See also 29 C.F.R. §§ 541.0, et seq.

70. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, he was not a "learned professional" employee, as that term is defined under the FLSA. See 29 CFR §541.301

71. Defendants are covered employers required to comply with the Ohio Wage Act's mandates.

72. Defendants violated the Ohio Wage Act with respect to Plaintiff by failing to compensate him at the rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek

73. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

74. For Defendants' violations of the Ohio Wage Act, Plaintiff has suffered damages, Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## THIRD CAUSE OF ACTION
## O.R.C. 4113.15 —OPPA VIOLATION

75. All of the preceding paragraphs are realleged as if fully rewritten herein.

76. During relevant times, Defendants were covered by the OPPA and Plaintiff has been employed by Defendants within the meaning of the OPPA.

77. The OPPA requires Defendants to pay Plaintiff all wages, including unpaid overtime, on or before the first day of each month, for wages earned by him during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by him during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

78. During relevant times, Plaintiff was not paid all wages, including overtime wages at one and one-half times his regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

79. Plaintiff's unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

80. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law, and their actions entitle Plaintiff to liquidated damages in the amount of six percent of the amount of the unpaid overtime compensation owed or two hundred dollars, whichever is greater.

## FOURTH CAUSE OF ACTION
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

81. All of the preceding paragraphs are realleged as if fully rewritten herein.

82. The Ohio Wage Act and Ohio Constitution Art. 2 §34a requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08; *See also*, 29 C.F.R. §§ 516.2 *et seq*.

83. During all times material to this complaint, Defendants were covered employers, and required to comply with the Ohio Wage Act and Ohio Constitution Art. 2 §34a's mandates.

84. Plaintiff was a covered employee entitled to the protection of the Ohio Wage Act and Ohio Constitution Art. 2 §34a.

85. During times material to this complaint, Defendants violated the Ohio Wage Act and Ohio Constitution Art. 2 §34a with respect to Plaintiff by failing to properly maintain accurate records of all hours Plaintiff worked each workday and within each workweek.

86. In violating the Ohio Wage Act and Ohio Constitution Art. 2 §34a, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act and Ohio Constitution Art. 2 §34a provisions.

### FIFTH CAUSE OF ACTION
### WORKERS' COMPENSATION RETALIATION – O.R.C. §4123.90

87. Plaintiff restates the allegations contained in the preceding paragraphs as if fully rewritten herein.

88. Plaintiff was injured and/or suffered an occupational injury during the course of his employment with Defendants.

89. After he injured his back lifting and/or moving a cooler while on the job, Plaintiff sought medical attention and filed a claim, instituted, or pursued a claim under the workers' compensation act.

90. Thereafter, Defendants reduced health insurance payments it previously provided on Plaintiff's behalf and then discharged Plaintiff in violation of O.R.C. §4123.90.

91. Within the ninety (90) days following Plaintiff's discharge, Defendants received written notice that Plaintiff's discharge was in violation of O.R.C. §4123.90.

92. As a result of Defendants' violation of O.R.C. §4123.90, Plaintiff is entitled to all relief afforded under O.R.C. §4123.90, including but not limited to reinstatement with back pay, and/or lost wages, and reasonable attorney's fees and costs.

V. **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff requests judgment against the Defendants for an Order:

A. Finding that Defendants failed to keep accurate records in accordance with the FLSA and Ohio law, Plaintiff is entitled to prove his hours worked with reasonable estimates;

B. Awarding Plaintiff unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

C. Awarding Plaintiff unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

D. Awarding Plaintiff costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

E. Awarding Plaintiff such other and further relief as the Court deems just and proper;

F. Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

G. Awarding back pay and benefits, front pay and benefits, and any other relief provided in O.R.C. §4123.90 in an amount to be determined at trial;

H. Awarding compensatory damages, liquidated damages, punitive damages, emotional distress damages, pre-judgment interest, and post-judgment interest;

I. Granting Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

J. Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

Peter Contreras (0087530)

**CONTRERAS LAW, LLC**
PO Box 215
Amlin, Ohio 43002
Phone: 614-787-4878
Fax: 614-923-7369
Email: peter.contreras@contrerasfirm.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)